UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SILVERTIP CAPITAL (IG) LLC,                              :
                                                         :
                       Plaintiff,             :   Case No.:
                                                         :
   - v. -                                               :   **COMPLAINT**
                                                         :
BARAKA INVESTMENT LIMITED and JON                        :   **JURY TRIAL DEMANDED**
OLAFSSON,                                                :
                                                         :
                       Defendants.            :
-----------------------------------------------------------------------x

Plaintiff Silvertip Capital (IG) LLC ("Silvertip"), by and through its attorneys, Parker Pohl LLP, as and for its Complaint against Defendants Baraka Investment Limited ("Baraka" or "Borrower") and Jon Olafsson ("Olafsson" or "Guarantor"), respectfully alleges as follows:

## NATURE OF THE CASE

1. This action arises from Defendants' default on their contractual promises to pay Silvertip over $4 million in principal and interest due and owing under a promissory note and the personal guaranty of that note. Defendant Baraka – as the Borrower and primary obligor – has entirely ignored its contractual payment obligation. Defendant Olafsson – as Guarantor and pursuant to the absolute, unconditional, and irrevocable guaranty he signed – has similarly refused to comply with his contractual obligations.

2. Plaintiff commences this action to recover all amounts due and owing, and to hold Defendants accountable for their brazen disregard of their legal obligations.

## PARTIES

3. Plaintiff is a limited liability company organized under the laws of Nebraska.

4. Defendant Baraka is an entity registered under Hong Kong law with a principal place of business at Suite 1605, Jardine House, 1 Connaught Place, Central Hong Kong.

5. Defendant Olafsson is an individual residing in Iceland, upon information and belief.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000.[1]

7. This Court has personal jurisdiction, and venue is proper, pursuant to Section B(8) of the Note (defined below), which states that they "irrevocably submit to the exclusive jurisdiction of the state and federal courts located in New York, New York, USA." Venue is also proper under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to this action occurred in this district.

**FACTS**

8. Pursuant to a written agreement dated December 22, 2016, Silvertip agreed to loan Baraka USD $3,000,000 in exchange for a "Baraka Investment Limited Loan Note" (the "Note").

9. Thereafter, the parties agreed that Silvertip would loan Baraka an additional USD $100,000. Thus, the parties agreed to amend the Note to increase the principal amount thereof to USD $3,100,000. A true and correct copy of the Note, as amended, is attached hereto as **Exhibit A**.

10. Pursuant to Section B(2) of the Note, Baraka promised to repay all outstanding principal and accrued interest "on or before the last day of the Term." The "Term" is defined as the "initial period of twelve months beginning from the date on which funds are received at the Borrower's bank account." (Note, Section A)

11. By wire transfer, Silvertip deposited USD $3,000,000 in Borrower's account on December 28, 2016.

12. Accordingly, the Term expired, and payment of the USD $3,000,000 on the Note, plus interest, was due on December 28, 2017.

---

[1] No member of Plaintiff resides in Hong Kong or Iceland.

13. Section (B)1 of the Note provides for the accrual of interest on the unpaid balance of the principal at the rate of 5% per annum from the date Borrower received the funds.

14. Defendant Olafsson signed the Note, not only on behalf of Baraka as Borrower, but also in an individual capacity, as Guarantor.

15. Indeed, Section A of the Note contains the following language reflecting Olafsson's personal guaranty:

> The obligations of the Borrower as set out in this Note are guaranteed by Jon Olafsson (the "Guarantor"). This guaranty is a guaranty of payment and not of collection. Lender shall not be obligated to enforce or exhaust its remedies against Borrower or under this Agreement before proceeding to enforce this guaranty. Guarantor agrees that this guaranty is irrevocable and continuing in nature and applies to all presently existing and future obligations arising under this Note, and further agrees that he unconditionally and irrevocably waives each and every defense and any right to revoke this guaranty.

16. With respect to the additional USD $100,000 that the parties agreed Silvertip would loan to Baraka (*see above*, ¶ 9), the amount actually funded by Silvertip was USD $96,000 due to the parties' agreed-upon "original issue discount" of 4%.

17. On or about March 1, 2017, Silvertip wired Baraka an additional USD $96,000 pursuant to the Note. Accordingly, payment of the USD $100,000 on the Note, plus interest, was due on March 1, 2018.

18. Despite Defendants' clear obligations under the Note, and despite Plaintiff's demand for payment, Defendants have failed to pay amounts undisputedly due and owing.

19. The full amount owed under the Note is USD $4,025,834.40, which consists of unpaid principal of $3.1 million plus accrued interest in the amount of $925,834.40 (as of December 21, 2022). Interest will continue to accrue until all amounts due under the Note are paid.

3

## FIRST CAUSE OF ACTION
**(Breach of Note - Against Defendant Baraka)**

20. Plaintiff realleges each of the foregoing allegations as if fully set forth herein.

21. The Note is a valid and existing contract between Silvertip, on the one hand, and Defendant Baraka as Borrower on the other.

22. Plaintiff performed all of its obligations under the Note.

23. Baraka has breached its obligations under the Note by failing to pay to Silvertip amounts due under the Note.

24. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial. As of December 21, 2022, Plaintiff's monetary damages amount to USD $4,025,834.40, which consists of unpaid principal of $3.1 million plus $925,834.40 in interest.

## SECOND CAUSE OF ACTION
**(Breach of Guaranty – Against Defendant Olafsson)**

25. Plaintiff realleges each of the foregoing allegations as if fully set forth herein.

26. The Note is a valid and existing contract between Silvertip, on the one hand, and Defendant Olafsson as Guarantor on the other.

27. Plaintiff performed all of its obligations under the Note.

28. Pursuant to the terms of the Note, Olafsson as Guarantor is liable for all amounts that Baraka has failed to pay under the Note, i.e., the entire amount.

29. Olafsson has breached his obligations as Guarantor under the Note by failing to pay to Silvertip amounts due under the Note.

30. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial. As of December 21, 2022, Plaintiff's monetary damages amount to USD $4,025,834.40, which consists of unpaid principal of $3.1 million plus $925,834.40 in interest.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a. Monetary damages in an amount to be determined at trial which, as of December 21, 2022, amount to USD $4,025,834.40, consisting of unpaid principal of $3.1 million plus accrued interest in the amount of $925,834.40;

b. Attorney's fees and costs incurred in commencing and prosecuting this action;

c. Pre-judgment and post-judgment interest at the maximum rate allowed by law; and

d. Such other and further relief that this Court may deem just and proper.

Dated: New York, New York
December 20, 2022

**PARKER POHL LLP**

By: _____
David M. Pohl
Hyatt M. Howard
99 Park Avenue, Suite 1510
New York, New York 10016
(212) 202-8886
(646) 924-3100 (fax)

*Attorneys for Plaintiff*

# EXHIBIT A

# BARAKA INVESTMENT LIMITED

# LOAN NOTE

### Dated this 28th December, 2016

### A. Recitals and Definitions

Baraka Investment Limited, (the "**Borrower**"), promises to pay to the order of **Silvertip Capital (IG) LLC**, (the "**Lender**") the principal sum of Three Million One Hundred Thousand United States Dollars ($ 3,100,000) (the "**Principal Sum**") together with interest, upon the terms and conditions provided in this Loan Note (the "**Note**").

The "**Term"** shall be for an initial period of twelve months beginning from the date on which funds are received at the Borrower's bank account (details of which are set out in Appendix 1).

The obligations of the Borrower as set out in this Note are guaranteed by Jon Olafsson (the "**Guarantor**"). This guaranty is a guaranty of payment and not of collection. Lender shall not be obligated to enforce or exhaust its remedies against Borrower or under this Agreement before proceeding to enforce this guaranty. Guarantor agrees that this guaranty is irrevocable and continuing in nature and applies to all presently existing and future obligations arising under this Note, and further agrees that he unconditionally and irrevocably waives each and every defense and any right to revoke this guaranty.

### B. Terms

1. Interest rate

The unpaid balance of the Principal Sum shall bear simple cash interest rate equal to five per cent per annum (5%) from the date of receipt of funds under this Note unless converted as set out in Section 3 below.

2. Payment

(a) *Interest.*
If the Note is not converted as provided in Section 3, Borrower shall pay all accrued interest to Lender at the time the Principal Sum is paid.

(b) *Term.*
Unless extended or converted as agreed in writing between the parties, the Borrower shall pay Lender the outstanding Principal Sum on or before the last day of the Term. Notwithstanding the foregoing, the Term shall end, and the entire Principal Sum and any accrued and unpaid interest, shall become immediately due and payable, if any of the following occur: (i) the insolvency of the Borrower, the Guarantor or Icelandic Water Holdings hf. ("IWH"), (ii) the commission of any act of bankruptcy by the Borrower, the Guarantor or IWH, (iii) the execution by the Borrower, the Guarantor or IWH of a general assignment for the benefit of creditors or similar proceeding, (iv) the filing by or against the Borrower, the Guarantor or IWH of a petition in bankruptcy under the laws of any jurisdiction, (v) the appointment of a receiver or trustee to take possession of the property or assets of the Borrower, the Guarantor or IWH, (vi) the failure by the Borrower or IWH

to perform any term, covenant or agreement contained in this Note or in respect of any other material indebtedness of the Borrower or IWH, or (vii) any Change of Control (as defined below) of Borrower or IWH.

(c) *Manner and Place of Payment.*
All payments shall be made in Unites States Dollars. All payments shall be made to Lender at the address specified in Section 6 or at such other place as Lender may specify in writing.

(d) *Prepayment.*
If the Lender agrees, the Borrower may prepay any amount owing under this Note without premium or penalty by giving 20 days' advanced written notice to Lender of intent to prepay.

(e) *Parity with other obligations of Borrower.* The Borrower's obligations to the Lender under this Note shall be considered an unsecured obligation of the Borrower and be on parity with the Borrower's obligations to all Notes issued on terms similar to this Note, and neither the Borrower nor the Guarantor shall permit any other obligation of the Borrower to be senior in any respect to its obligations hereunder.

3. Conversion Rights

(a)  *Right to Convert.*  For as long as the Principal Sum (or part thereof) is outstanding, the Lender has the right, at its option, to convert the Note into ordinary shares of IWH (the "Common Stock") by giving a written notice that it is exercising its rights hereunder and surrendering the Note for that purpose to the Borrower. The number of shares of IWH that Lender shall be entitled to receive upon such conversion shall be determined by dividing the unpaid balance of the Principal Sum by United States Dollars 0.032 per share (equivalent to a current pre-money equity value of United States Dollars 80 million.

(b)  *Fractional Shares.* The Borrower shall not be required to issue fractional shares upon conversion of the Note, but shall round up the number of shares to the nearest number of whole shares determined under Section 3(a).

(c)  *Representation with respect to Common Stock.* The Borrower represents, warrants and covenants to Lender that at all times during the Term of this Note it shall hold free and clear of any encumbrance shares of Common Stock available in reserve for issuance upon the conversion of this Note.

4. Attorneys' Fees, Costs, and Other Expenses

Borrower and Lender agree to pay their own expenses incurred in the documentation and execution of the Note.

5. Assignment; Obligations Binding on Successors

Borrower may not assign any of its rights, duties, or obligations under this Note without the prior written consent of Lender. This Note shall bind Borrower and its successors and assigns. All rights and powers established in this Note shall benefit Lender and Lender's successors and assigns.

6. <u>Notices</u>

All notices, requests, consents, payments and other communications required or provided for herein to any party shall be in writing, and shall be deemed to be given when: (a) delivered in person; (b) sent by first class registered or certified mail with postage prepaid; (c) delivered by overnight receipted courier service; or (d) except with respect to payments, sent by confirmed facsimile or email transmission.  Notices shall be sent to the addresses set forth below, or to such other addresses as may hereafter be designated in writing by the party:

(i) If to the Borrower or Guarantor:    (ii) If to Lender:

Attn: Jon Olafsson
c/o Sam Zhang & Co
Suite 1605, Jardine House
1 Connaught Place,
Central,
Hong Kong

Attn: Richard Gitomer
Silvertip Capital (IG) LLC.
50 Broad Street, Suite 1404
New York, N.Y. 10004
USA

7. <u>Notice of Events</u>

For so long as this Note remains outstanding, in the event that the Borrower or IWH proposes to undertake (i) the issuance of any equity securities, (ii) any Change of Control, or (iii) or any event which could lead to a liquidation or dissolution of the Borrower or IWH, the Borrower shall provide the Lender with written notice of such event, including a description of the basic terms and conditions of such transaction, at least twenty (20) days prior the consummation of any such event.

For purposes of this Note, a "Change of Control" shall mean either (i) the acquisition of all or substantially all of the assets of the Borrower or IWH; or (ii) the acquisition of the Borrower or IWH by another entity, person or group by means of any transaction or series of related transactions including, without limitation, (A) any reorganization, merger or consolidation that results in the voting securities of the Borrower or IWH outstanding immediately prior thereto failing to represent immediately after such transaction or series of transactions (either by remaining outstanding or by being converted into voting securities of the surviving entity, or the entity that controls the surviving entity) a majority of the total voting power represented by the outstanding voting securities of the Borrower or IWH, such surviving entity or the entity that controls such surviving entity or (B) any sale of equity securities representing a majority of the voting power of the Borrower or IWH.

8. <u>Governing Law</u>

This Note will be construed, and the rights, duties and obligations of the parties will be determined, in accordance with the laws Iceland without regard to its or any other jurisdiction's conflicts of law provisions.  Borrower hereby consents to the exclusive jurisdiction of the state and federal courts located in New York, New York, USA.

9. <u>Headings</u>

Headings used in this Note have been included for convenience and ease of reference only, and will not in any manner influence the construction or interpretation of any provision of this Note.

10. Entire Agreement

This Note represents the entire understanding of the parties with respect to the transaction giving rise to the issuance of the Note. There are no other prior or contemporaneous agreements, either written or oral, between the parties with respect to this subject.

11.     Future Rights

In the event the Borrower sells or issues any additional notes or other instruments or securities convertible into shares of Common Stock at any time prior to the earlier of the conversion and repayment of this Note, the Company shall provide the Lender with written notice of such sale or issuance no later than five (5) days prior the consummation thereof, including the price and terms of such convertible instruments (the "Subsequent Instruments").  In the event the Lender determines, in its sole and absolute discretion, that any Subsequent Instrument contains terms more favorable to the holder(s) thereof than the terms set forth in this Note, the Lender may elect to exchange this Note for a Subsequent Instrument with a similar principal or face amount.

12. Waiver

No right or obligation under this Note will be deemed to have been waived unless evidenced by a writing signed by the party against whom the waiver is asserted, or by the party's duly authorized representative.  Any waiver will be effective only with respect to the specific instance involved, and will not impair or limit the right of the waiving party to insist upon strict performance of the right or obligation in any other instance, in any other respect, or at any other time.

13. Shareholder Agreement

The Lender understands that dealings of the shareholders of IWH, including the issue and transfer of shares, are governed by a Shareholder Agreement and it is currently a condition of the Shareholder Agreement that new shareholders agree to adhere to the terms of the agreement. Borrower shall also take such actions as necessary to ensure that IWH provides Lender the rights granted to any "Shareholder" under the Shareholder Agreement (as that term is defined therein) during the Term of this Note as if Lender had been issued the Common Stock convertible hereunder.

These Terms are hereby agreed by

The BORROWER:

Baraka Investment Limited

By: Jon Olafsson, Director
Its authorised signatory

The GUARANTOR:

Jon Olafsson

The LENDER:

Silvertip Capital (IG) LLC

By:
Its authorised signatory

5