USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SILVERTIP CAPITAL (IG) LLC,

               Plaintiff,

-against-

BARAKA INVESTMENT LIMITED,
BARAKA INVESTMENT (HONG KONG)
LIMITED, BARAKA INVESTMENT LTD.,
and JON OLAFSSON,

               Defendants.

1:22-cv-10746 (MKV)

**MEMORANDUM OPINION
AND ORDER DENYING
MOTION TO DISMISS**

---

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Silvertip Capital (IG) LLC ("Silvertip") asserts a breach of contract claim under an outstanding note against Defendants Baraka Investment Limited, Baraka Investment (Hong Kong) Limited, and Baraka Investment Ltd., and a breach of guaranty claim against Defendant Jon Olafsson. Olafsson moves to dismiss the claim asserted against him for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the following reasons, the motion to dismiss is DENIED.

## BACKGROUND[1]

Silvertip is a Nebraska limited liability company. *See* First Amended Complaint ¶ 3 [ECF No. 12] ("FAC"). Defendant Baraka Investment Limited ("Baraka")[2] is a business entity

---

[1] The facts are taken from the Amended Complaint, and for purposes of this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the Court has considered declarations submitted by both parties, because "additional materials extrinsic to the complaint" may be considered in resolving a Rule 12(b)(2) motion. *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 508 n.1 (S.D.N.Y. 2016).

[2] Olafsson asserts that Defendants Baraka Investment Limited and Baraka Investment Ltd. are the same company. *See* Memorandum of Law in Support 1 n.1 [ECF No. 34]. Silvertip does not dispute that contention. Accordingly, the Court refers to these entities collectively as "Baraka."

organized under the laws of the British Virgin Islands. FAC ¶ 6. Olafsson is an Icelandic citizen and the Director of Baraka. FAC ¶ 7; Declaration of Chris Hancock ¶ 15 [ECF No. 35].[3]

In December 2016, Silvertip, Baraka, and Olafsson executed a loan note. *See* Declaration of David Pohl Ex. A [ECF No. 46-1] ("Note"). Under the terms of the Note, Silvertip agreed to lend Barka $3.1 million. *See* Note § A. Relevant here, the Note defines Silvertip as the "Lender," Baraka as the "Borrower," and Olafsson as the "Guarantor." *See* Note § A.

Several provisions of the Note are germane to this dispute. First, the Note contains a forum selection clause stating:

> This Note will be construed, and the rights, duties and obligations of ***the parties*** will be determined, in accordance with the laws [sic] Iceland without regard to its or any other jurisdiction's conflicts of law provisions. ***Borrower*** hereby consents to the exclusive jurisdiction of the state and federal courts located in New York, New York, USA.

Note § B.8 (emphases added). In addition, the Note defines the obligations of Olafsson as follows:

> ***The obligations of the Borrower as set out in this Note are guaranteed by Jon Olafsson*** (the "Guarantor"). This guaranty is a guaranty of payment and not of collection. Lender shall not be obligated to enforce or exhaust its remedies against Borrower or under this Agreement before proceeding to enforce this guaranty. Guarantor agrees that this guaranty is ***irrevocable and continuing in nature*** and ***applies to all presently existing and future obligations arising under this Note***, and further agrees that he ***unconditionally and irrevocably waives each and every defense and any right to revoke this guaranty.***

Note § A (emphases added). Notwithstanding these obligations, Baraka and Olafsson have failed to repay Silvertip under the terms of the Note. *See* FAC ¶¶ 20, 21.

Silvertip filed this action in December 2022. *See* Complaint [ECF No. 6]. Silvertip asserts a breach of note claim against Baraka and Baraka Investment (Hong Kong) Limited, and a breach

---

[3] For purposes of establishing diversity of citizenship under 28 U.S.C. § 1332, Silvertip alleges that its sole member is a citizen of New York, and that no Defendant is a citizen of New York. *See* Rule 7.1 Statement [ECF No. 5]; Letter [ECF No. 70].

2

of guaranty claim against Olafsson.[4]  *See* FAC ¶¶ 22–32.  Defendant Olafsson moves to dismiss the claim asserted against him for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  *See* Motion to Dismiss [ECF No. 33]; Memorandum of Law in Support [ECF No. 34] ("Def. Mem.").  Silvertip opposed, *see* Memorandum of Law in Opposition [ECF No. 45] ("Opp."), and Olafsson replied, *see* Reply Memorandum of Law [ECF No. 54].

Olafsson contends that this Court lacks personal jurisdiction because he has no contacts with the State of New York.  *See* Def. Mem. 7–18.  Silvertip disagrees, arguing that Olafsson consented to personal jurisdiction by unconditionally assuming the obligations of Baraka under the Note—*including* its consent "to the exclusive jurisdiction of the state and federal courts located in New York, New York, USA."  Note § B.8; *see* Opp. 4–11.

## LEGAL STANDARD

In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must make a *prima facie* showing that jurisdiction exists." *In re Terrorist Attacks*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Penguin Grp. (USA) Inc. v. American Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010)).  The Court "constru[es] all pleadings and affidavits in the light most favorable to the plaintiff and resolv[es] all doubts in the plaintiff's favor." *Penguin Grp.*, 609 F.3d at 34.

There are three traditional bases for the exercise of personal jurisdiction over a defendant.  First, a court may exercise general jurisdiction over a defendant that is "essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014).  Second, a court may exercise specific jurisdiction where there is a sufficient link between the defendant's conduct in the forum and the conduct at issue.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915,

---

[4] Plaintiff has voluntarily dismissed the claims asserted against Baraka Investment (Hong Kong) Limited.  *See* Stipulation of Voluntary Dismissal [ECF No. 65].  The remaining Baraka Defendants have answered.  *See* Answer [ECF No. 20].

923 (2011); *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014). Third, a defendant can consent to the exercise of personal jurisdiction. *See Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006).

Because a Rule 12(b)(2) motion is "inherently a matter requiring the resolution of factual issues outside of the pleadings," *John Hancock Prop. & Cas. Ins. Co. v. Universale Reinsurance Co.*, No. 91-cv-3644, 1992 WL 26765, at *6 (S.D.N.Y. Feb. 5, 1992), the Court may rely on materials outside of the pleadings to resolve this motion. *See Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 508 n.1 (S.D.N.Y. 2016); *Adwar Casting Co. v. Star Gems Inc.*, 342 F. Supp. 3d 297, 300 (E.D.N.Y. 2018).

## ANALYSIS

### I. New York Law Applies

As an initial matter, the Court finds that New York law applies to this dispute. The Note provides that "the rights, duties, and obligations of the parties will be determined in accordance with the laws [of] Iceland [and] without regard to its or any other jurisdiction's conflicts of law provisions." Note § B.8. However, both parties rely exclusively on New York law in their briefing of this jurisdictional motion. Accordingly, the Court finds that New York law is applicable here with respect to personal jurisdiction. *See Cargill, Inc. v. Charles Kowsky Res., Inc.*, 949 F.2d 51, 55 (2d Cir. 1991) ("[E]ven when the parties include a choice-of-law clause in their contract, their conduct during litigation may indicate assent to the application of another state's law."); *Chau v. Lewis*, 771 F.3d 118, 126 (2d Cir. 2014) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law.").

## II.  Olafsson is Bound by the Forum Selection Clause

Olafsson *has* consented to personal jurisdiction.  Under the clear terms of the Note, Olafsson guaranteed "*all*" of Baraka's "presently existing and future obligations arising under this Note."  Note § A (emphasis added).  One such obligation was Baraka's consent "to the exclusive jurisdiction of the state and federal courts located in New York, New York, USA."  Note § B.8.  Moreover, Olafsson's guarantee of Baraka's obligations was "irrevocable, . . . continuing in nature, [and] . . . unconditional[]."  *See* Note § A; *see also Knight MPIC Ventures, LLC v. Higginson*, No. 18-cv-8126, 2020 WL 550654, at *4 (S.D.N.Y. Feb. 4, 2020) (guarantee was "absolute and unconditional" where defendant "specifically agreed . . . that his liability [was] 'absolute, unconditional, and irrevocable.'" (cleaned up)).  Because Olafsson's guarantee was not limited in any way, Olafsson is bound by Baraka's consent to the forum selection clause.  *See 136 Field Point Circle Holding Co., LLC v. Invar Int'l Holding, Inc.*, 644 F. App'x 10, 12 (2d Cir. 2016) ("We interpret a guaranty 'according to the plain meaning of its terms.'" (quoting *Greenfield v. Philles Recs., Inc.*, 98 N.Y.2d 562, 569, 780 N.E.2d 166, 170, 750 N.Y.S.2d 565, 569 (N.Y. 2002)).

New York courts have overwhelmingly reached the same conclusion.  For instance, in *Ameritrust Co. National Association v. Chanslor*, 803 F. Supp. 893 (S.D.N.Y. 1992), the guarantee at issue stated "that the guarantor unconditionally guarantees the full payment, performance and observation of all agreements . . . executed in connection with the Notes."  *Id.* at 895–96 (cleaned up).  "Since one of the [primary obligor's] obligations under [the] agreement[s] was its consent to New York jurisdiction," the Court found that "the Guarantor's unlimited assumption of the [primary obligor's] obligations assume[d] this consent as well."  *Id.* at 896.  *See also Greene's Ready Mixed Concrete Co. v. Fillmore Pac. Assocs. Ltd. P'ship.*, 808 F. Supp. 307, 310 (S.D.N.Y. 1992) ("Since one of the investors' obligations under these agreements was their consent to New

York jurisdiction, any Guarantor's unlimited assumption of any Investor's obligations assumes this consent as well."); *Golf Glen Plaza Niles v. Amcoid USA, LLC*, 160 A.D.3d 1375, 1376, 76 N.Y.S.3d 307, 308 (4th Dep't 2018) ("[B]y assuming the obligations in the lease agreement, defendant consented to personal jurisdiction in New York for litigation with respect to the lease."); *Pro. Merch. Advance Cap., LLC v. Your Trading Room, LLC*, 123 A.D.3d 1101, 1102, 1 N.Y.S.3d 208, 209 (2d Dep't 2014) ("Since YTR consented to New York jurisdiction in the agreement, Waryn, by assuming YTR's obligations in the agreement, also consented to New York jurisdiction."); *Getty Props. Corp. v. Getty Petroleum Mktg. Inc.*, 106 A.D.3d 429, 430, 966 N.Y.S.2d 1, 2 (1st Dep't 2013) (Defendants "guaranteed full performance of the lease by the relevant LLC defendant; thus, they, too, are bound to litigate in New York County.").

Olafsson does not persuade otherwise. He first argues that his guarantee did not extend to the forum selection clause because the Note "plainly states that *all* parties consent to choice of law, while *only Baraka* consents to jurisdiction." Def. Mem. 11 (quoting Note § B.8) (emphasis added by Olafsson). Indeed, Olafsson asks the Court to find that he guaranteed "each obligation of Baraka under the Note, *with the sole exception* that only Baraka would consent to the jurisdiction of the New York courts." Reply 8 (emphasis added). This argument fails because it is at odds with the plain terms of the Note. *See Bombay Realty Corp. v. Magna Carta, Inc.*, 100 N.Y.2d 124, 127, 790 N.E.2d 1163, 1165, 760 N.Y.S.2d 734, 736 (N.Y. 2003) ("All parts of a contract must be read in harmony to determine its meaning."). Olafsson unconditionally guaranteed "all" of Baraka's "presently existing and future obligations arising under [the] Note." Note § A. There are no exceptions. The Court may not simply disregard the word "all," and will not manufacture a "sole exception" at Olafsson's request.

Olafsson next urges the Court to consider declarations submitted by Olafsson and another Baraka employee to determine "the parties' intent." Reply 4. But it is well settled that "[w]here

6

the terms of a contract are clear and unambiguous, the intent of the parties must be found *within the four corners of the contract.*" *Ellington v. EMI Music, Inc.*, 24 N.Y.3d 239, 244, 21 N.E.3d 1000, 1003, 997 N.Y.S.2d 339, 342 (N.Y. 2014) (emphasis added); *see also Condor Cap. Corp. v. CALS Invs., LLC*, 179 A.D.3d 592, 592, 118 N.Y.S.3d 29, 30 (1st Dep't 2020).

The authority cited by Olafsson does not salvage his motion. *See* Def. Mem. 11. In *Lemme v. Wine of Japan Import, Inc.*, 631 F. Supp. 456 (E.D.N.Y. 1986), the district court concluded that because the guarantor "adopted as its own each and every term and condition of the Agreement, the guarantor "assume[d] every obligation under the contract [which] *necessarily included the consent-to-jurisdiction clause.*" *Id.* at 461 (emphasis added). *Lemme* supports Silvertip—not Olafsson. The Court is similarly unpersuaded that *Pal Pools, Inc. v. Billiot Brothers*, 57 A.D.2d 891, 394 N.Y.S.2d 280 (2d Dep't 1977), aids Olafsson. In that case, the underlying contract contained *both* consent to jurisdiction *and* choice of law clauses, while the accompanying guaranty included *only* a choice of law clause. Thus, the Second Department found that the guarantee did not incorporate the absent consent to jurisdiction clause. 57 A.D.2d at 891, 394 N.Y.S.2d at 280. But here, the guarantee was contained in the same document as the forum selection clause and unconditionally guaranteed "all" of Baraka's "presently existing and future obligations arising under this Note." Note § A. *Pal Pools* is inapposite. Olafsson provides no other relevant legal authority in support of his view, *see* Def. Mem. 10–12, and the Court has found none.

For these reasons, the Court finds that Olafsson is bound by the forum selection clause and has, therefore, consented to personal jurisdiction in the State of New York.[5]

---

[5] Accordingly, the Court need not reach Olafsson's arguments regarding constitutional due process and New York's long arm statute. *See, e.g.*, *Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*, No. 09-cv-3573, 2010 WL 3743826, at *4 (S.D.N.Y. Sept. 24, 2010) ("Where an agreement contains a valid and enforceable forum selection clause, . . . it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process.").

## CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED. The Clerk of Court is respectfully requested to terminate docket entry 33.

**SO ORDERED.**

Date:  **December 11, 2023**           **MARY KAY VYSKOCIL**
       **New York, NY**                **United States District Judge**