```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SILVERTIP CAPITAL (IG) LLC,

                Plaintiff,

-against-

BARAKA INVESTMENT LIMITED,
BARAKA INVESTMENT (HONG KONG)
LIMITED, BARAKA INVESTMENT LTD.,
and JON OLAFSSON,

                Defendants.

1:22-cv-10746 (MKV)

**OPINION AND ORDER
GRANTING
MOTION FOR
SUMMARY JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Silvertip Capital (IG) LLC ("Silvertip") asserts a claim for breach of a promissory note against Defendants Baraka Investment Limited and Baraka Investment Ltd. (collectively, "Baraka") and a claim for breach of guaranty against Defendant Jon Olafsson. Silvertip moves for summary judgment, and Defendants do not oppose the motion. For the reasons set forth below, the motion for summary judgment is GRANTED.

## I. BACKGROUND[1]

### A. Undisputed Facts

Silvertip entered into a written agreement with Baraka to purchase a "Baraka Investment Limited Loan Note." 56.1 ¶ 1; Gitomer Decl. ¶ 3; Agreement at 1. Silvertip agreed to loan Baraka $3,000,000, and Baraka "promise[d] to pay" Silvertip "the principal sum of Three Million United States Dollars . . . together with interest, upon the terms and conditions provided in" the Initial

---

[1] The facts are taken from the evidence cited in Plaintiff's Local Civil Rule 56.1 Statement [ECF No. 81 ("56.1")], including the declaration of Richard Gitomer and the exhibits attached thereto [ECF Nos. 82 ("Gitomer Decl."), 82-1 at 2–3 ("Agreement"), 82-1 at 5–11 ("Initial Note"), 82-2 ("Silvertip Bank Records"), 82-3 ("Amended Note"), 82-4 ("Emails Confirming Transfer"), 82-5 ("Demand for Payment")]. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("[T]he district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion."). The facts are undisputed.

Note. 56.1 ¶ 2; Gitomer Decl. ¶ 5; Initial Note § A. The Initial Note provides for a "simple cash interest rate equal to five percent per annum (5%) from the date of receipt of funds." 56.1 ¶ 10; Initial Note § B(1). It provides that Baraka "shall pay" all outstanding principal and accrued interest "on or before the last day of the Term." Initial Note § B(2)(b); *see also* 56.1 ¶ 7. The "Term" is defined as "twelve months beginning from the date on which funds are received at the Borrower's bank account." Initial Note § A; *see also* 56.1 ¶ 8.

The "Initial Note contains Olafsson's personal [unconditional and irrevocable] guaranty." Gitomer Decl. ¶ 4; *see* Initial Note § A ("The obligations of the Borrower . . . are guaranteed by Jon Olafsson."); *see id.* ("Guarantor agrees that this guaranty is irrevocable" and "unconditionally and irrevocably waives each and every defense and any right to revoke this guaranty.")

"Silvertip deposited $3,000,000 into Baraka's bank account by wire transfer" on December 28, 2016. 56.1 ¶ 3; Gitomer Decl. ¶ 6; *see* Silvertip Bank Records at 2, 3.

"Thereafter, Silvertip and Baraka agreed that Silvertip would loan Baraka an additional $100,000 subject to the terms and conditions in the Initial Note." 56.1 ¶ 4; Gitomer Decl. ¶ 7; *see* Amended Note § A (providing that Baraka "promises to pay . . . Three Million One Hundred Thousand United States Dollars ($ 3,100,000) [sic]" plus "interest"); *see also* Amended Note § B(1) (providing for "5%" interest "from the date of receipt of funds"); Amended Note § B(2)(b) (providing that Baraka is required to repay all outstanding principal and accrued interest by "the last day of the Term"). Olafsson again personally guaranteed payment. *See* 56.1 ¶ 5; Gitomer Decl. ¶ 8; Amended Note § A.

With respect to the additional $100,000 Silvertip had agreed to loan, while Baraka and Olafsson had promised to repay $3.1 million, Silvertip was required to fund only "$96,000 due to an agreed-upon 'original issue discount' of 4%." 56.1 ¶ 6; Gitomer Decl. ¶ 9. As such, Silvertip "initiated a wire transfer of the additional $96,000 into Baraka's bank account, and it was received

2

by Baraka on March 2, 2017." 56.1 ¶ 6; Gitomer Decl. ¶ 9; Emails Confirming Transfer at 2 ("$96k received . . . this morning. Many thanks").

Years later, on December 15, 2022, Silvertip made "a written demand for payment." 56.1 ¶ 14; Gitomer Decl. ¶ 12; *see* Demand for Payment. Neither Baraka nor Olafsson has "repaid any amounts due" to Silvertip under the Initial Note or the Amended Note (collectively, the "Note," for ease of reference, since the terms are identical aside from the principal amounts Defendants promised to repay Silvertip). 56.1 ¶¶ 13, 15; Gitomer Decl. ¶¶ 11, 13.

### B. Procedural History

Silvertip initiated this action by filing a complaint, which Silvertip later amended [ECF Nos. 6, 12 ("AC")].[2] Silvertip asserts claims for breach of contract against Baraka and Olafsson based on their failures to pay Silvertip, pursuant to the Note, as primary obligor and guarantor, respectively. *See* AC ¶¶ 22–32.

Defendant Olafsson filed a motion to dismiss for lack of personal jurisdiction because he lives in Iceland [ECF Nos. 33, 34]. Silvertip opposed that motion based on the parties' forum selection clause [ECF No. 45]. The Court denied Olafsson's motion to dismiss for lack of personal jurisdiction [ECF No. 71 ("Op.")].

Thereafter, Silvertip filed a motion for summary judgment on its contract claims against Baraka and Olafsson accompanied by a Rule 56.1 Statement and supporting evidence [ECF Nos. 79, 80 ("Mem."), 81 ("56.1"), 82 ("Gitomer Decl."), 82-1 at 2–3 ("Agreement"), 82-1 at 5–11 ("Initial Note"), 82-2 ("Silvertip Bank Records"), 82-3 ("Amended Note"), 82-4 ("Emails Confirming Transfer"), 82-5 ("Demand for Payment")]. Silvertip also filed a declaration from an Icelandic attorney attesting, in pertinent substance, that Icelandic law imposes the same contractual

---

[2] Silvertip originally asserted claims against Baraka Investment (Hong Kong) Limited, but later voluntarily dismissed the action against that defendant. [ECF Nos. 64, 65].

obligations on Baraka and Olafsson as does New York law [ECF No. 83 ("Sturluson Decl.") at 2]. The declaration is accompanied by the attorney's curriculum vitae and materials upon which he relied in forming his opinion. *See* Sturluson Decl., Ex. 1–7.

Defendants did not file any opposition to the motion for summary judgment or respond to the Rule 56.1 Statement submitted by Silvertip. Instead, Defendants filed only a letter "to inform the Court that Baraka and Mr. Ólafsson will not be filing opposition papers" [ECF No. 84 ("Non-Opposition")].

## II.     LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must submit a statement of undisputed facts citing admissible evidence. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014); Fed. R. Civ. P. 56(c); Local Civil Rule 56.1. Where, as here, the non-moving party fails to oppose the motion, and fails to respond to the movant's 56.1 statement of undisputed facts, the district court may not "automatically grant summary judgment." *Jackson*, 766 F.3d at 194; *see Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). "However, a non-response runs the risk of unresponded-to statements of undisputed facts prof[f]ered by the movant being deemed admitted." *Jackson*, 766 F.3d at 194; *see* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion"). In all events, the district court must be "satisfied" that the evidence in the record supports concluding that the movant has carried its burden under Rule 56(a). *Vermont Teddy Bear Co.*, 373 F.3d at 244.

### III. ANALYSIS

**A. The Court Applies New York Law.**

The Note contains a choice-of-law provision stating that it should be "construed . . . in accordance with" Icelandic law, even though the parties agreed to litigate in New York. Note § B(8). In resolving the motion to dismiss, however, the Court applied New York law because both parties had relied exclusively on New York law in their briefing. *See* Op. at 4. As the Court noted in its earlier Opinion, "even when the parties include a choice-of-law clause in their contract, their conduct during litigation may indicate assent to the application of another state's law." *Cargill, Inc. v. Charles Kowsky Res., Inc.*, 949 F.2d 51, 55 (2d Cir. 1991). *See also Chau v. Lewis*, 771 F.3d 118, 126 (2d Cir. 2014) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law.").

On summary judgment, Silvertip has submitted a brief that expressly invokes New York law, and Defendants have declined to submit any opposition. *See* Mem. at 5, 6–9; Non-Opposition at 1. The Court concludes that the parties' litigation positions on summary judgment "indicate assent to the application of [New York] law." *Cargill, Inc.*, 949 F.2d at 55. In any event, Silvertip has submitted a declaration from an Icelandic attorney attesting that Icelandic law is in accord with New York law for purposes of this motion. *See* Sturluson Decl. at 2.

**B. Silvertip Is Entitled to Summary Judgment against Baraka.**

Silvertip asserts a claim against Baraka, as primary obligor, for breach of the Note. *See* AC ¶¶ 22–26. "Actions for recovery on a promissory note are appropriately decided by motion for summary judgment." *Camofi Master LDC v. Coll. P'ship, Inc.*, 452 F. Supp. 2d 462, 470 (S.D.N.Y. 2006) (quoting *Eisenstein v. Kelly Music & Ent. Corp.*, 97-cv-4649 (DC), 1998 WL 289734, at *4 (S.D.N.Y. June 4, 1998) (Chin, J.)); *see also Int'l Fin. Grp., Inc. v. Hambrecht*, 203 A.D.3d 606, 606, 162 N.Y.S.3d 725, 725 (1st Dep't 2022); *Lyons v. Cates Consulting Analysts,*

5

*Inc.*, 88 A.D.2d 526, 526, 450 N.Y.S.2d 19, 20 (1st Dep't 1982), *aff'd*, 64 N.Y.2d 1025, 478 N.E.2d 206 (1985). "To establish a *prima facie* case for recovery, a plaintiff must simply show proof of a note and failure to make payment." *Eisenstein*, 1998 WL 289734, at *4 (quoting *Williams v. Scores Enetrtainment, Inc.*, No. 96-cv-1283 (SAS), 1996 WL 601528, at *2 (S.D.N.Y. Oct. 18, 1996)); *see Lyons*, 88 A.D.2d at 526, 450 N.Y.S.2d at 20.

The Court has carefully reviewed the evidence cited in the Rule 56.1 Statement submitted by Silvertip. The evidence establishes that Baraka executed the Initial Note, in which Baraka "promise[d] to pay" Silvertip $3 million plus 5% interest per year "from the date of receipt of funds." Initial Note §§ A, B(1); *see* Gitomer Decl. ¶¶ 3, 5. The evidence further establishes that Baraka was required to pay all outstanding principal and accrued interest "on or before the last day of the Term," with Term defined as "twelve months" from the date of receipt of funds. Initial Note §§ A, B(2)(b). Similarly, the evidence establishes that Baraka later executed the Amended Note, in which Baraka promised to pay Silvertip $3.1 million plus 5% interest by the last day of the Term. *See* Amended Note §§ A, B(1), B(2)(b); *see* Gitomer Decl. ¶¶ 7.

The evidence establishes that Silvertip deposited $3,000,000 into Baraka's bank account by wire transfer on December 28, 2016, and Baraka received a second wire transfer on March 2, 2017. *See* Gitomer Decl. ¶¶ 6, 9; Silvertip Bank Records at 2, 3; Emails Confirming Transfer at 2. As such, the latest possible deadline for Baraka to pay all outstanding principal and accrued interest was March 2, 2018.[3]

---

[3] Silvertip contends that Baraka was required to repay the initial $3 million loan, plus interest, by December 28, 2017 and to repay the later $100,000 loan, plus interest, on March 2, 2018. Gitomer Decl. ¶ 10; *see* Mem. at 6. The Amended Note reflects a promise to pay the total "Principal Sum" of $3.1 million, plus interest, by the last day of the Term, with Term defined as "twelve months beginning from the date on which funds are received at the Borrower's bank account." Amended Note §§ A, B(1), B(2)(b). As such, the Amended Note arguably extended the deadline for payment on the initial $3 million loan based on the latest date on which funds were received. Alternatively, it could be argued that the entire $3.1 million loan came due by December 28, 2017 based on Baraka's earlier receipt of funds. For purposes of concluding that Baraka breached its obligations, it is not necessary to pinpoint the deadline(s) for payment because, to date, Baraka still has not paid Silvertip "any" of the "amounts due." Gitomer Decl. ¶¶ 11, 13.

Silvertip offers evidence that Baraka never paid Silvertip "any" of the "amounts due" under the Note. Gitomer Decl. ¶¶ 11, 13. By virtue of Defendants' "non-response," the Court may deem the fact of Baraka's failure to make payment admitted. *Jackson*, 766 F.3d at 194; *see* Fed. R. Civ. P. 56(e)(2). In all events, there is not a "scintilla of evidence" in the record that Baraka has made any payments. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (a party "may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment").

Accordingly, there is no dispute as to any material fact, and Silvertip is entitled to judgment as a matter of law on its claim against Baraka for breach of the Note.

**C. Silvertip Is Entitled to Summary Judgment against Olafsson.**

Silvertip also asserts a claim against Olafsson as a guarantor. *See* AC ¶¶ 27–32. "To meet its *prima facie* burden on its summary judgment motion, [Silvertip] must prove 'the existence of the guaranty, the underlying debt[,] and the guarantor's failure to perform under the guaranty.'" *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 485, 492, 36 N.E.3d 80, 84 (2015) (quoting *Davimos v. Halle*, 35 A.D.3d 270, 272, 826 N.Y.S.2d 61, 62 (1st Dep't 2006)). *See 136 Field Point Circle Holding Co., LLC v. Invar Int'l Holding, Inc.*, 644 F. App'x 10, 11–12 (2d Cir. 2016) ("To obtain summary judgment to enforce a written guaranty, 'all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty.'" (quoting *City of New York v. Clarose Cinema Corp.*, 256 A.D.2d 69, 71, 681 N.Y.S.2d 251 (1st Dep't 1998)).

The unrebutted evidence establishes that the "Initial Note contains Olafsson's personal guaranty." Gitomer Decl. ¶ 4; *see* Initial Note § A ("The obligations of the Borrower . . . are guaranteed by Jon Olafsson."). The same is true of the Amended Note. *See* Gitomer Decl. ¶ 8; Amended Note § A. In particular, both the Initial Note and the Amended Note state that Olafsson

"agrees that this guaranty is irrevocable" and "unconditionally and irrevocably waives each and every defense and any right to revoke this guaranty." Initial Note § A; Amended Note § A. There is no dispute as to the existence of the underlying debt because, as discussed above, unrebutted evidence establishes that Baraka has never paid Silvertip "any" of the "amounts due" under the Note. Gitomer Decl. ¶¶ 11, 13. There is similarly no dispute that Olafsson failed to perform because the unrebutted evidence establishes that Olafsson has never paid Silvertip. Gitomer Decl. ¶¶ 11, 13.

Accordingly, there is no dispute as to any material fact, and Silvertip is entitled to judgment as a matter of law on its claim against Olafsson.

### D. Damages

Under the terms of the Initial Note and Amended Note, Defendants jointly and severally owe Silvertip: (1) the principal sum of $3,100,000; (2) 5% interest per annum on $3 million from December 28, 2016 to March 1, 2017; (3) 5% interest per annum on $3.1 million beginning on March 2, 2017. Silvertip is also entitled to post-judgment interest at the New York statutory rate. *See IRB-Brasil Resseguros S.A. v. Portobello Int'l Ltd.*, 84 A.D.3d 637, 638, 923 N.Y.S.2d 508, 510 (1st Dep't 2011).

### IV. CONCLUSION

For the foregoing reasons, the motion for summary judgment is GRANTED. The Clerk of Court respectfully is requested to terminate docket entry 79, to enter judgment in favor of Silvertip as set forth above, and to close this case.

**SO ORDERED.**

Date: **March 20, 2025**　　　　　　　　　　　　　　　　　**MARY KAY VYSKOCIL**
　　　　**New York, NY**　　　　　　　　　　　　　　　　**United States District Judge**